**Tatyana VOYNOVA, also known as Tatyana Mahmoud, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 09–2008–ag.

United States Court of Appeals, Second Circuit.

Nov. 17, 2009.

Jan H. Brown, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Anthony P. Nicastro, Senior Litigation Counsel, Drew C. Brinkman, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, JOSEPH M. McLAUGHLIN and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Tatyana Voynova, a citizen of Russia, seeks review of an April 13, 2009 order of the BIA denying her motion to reopen her removal proceedings. *In re Tatyana Voynova,* No. A075 559 664 (B.I.A. Apr. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a (c)(7)(C)(i). Here, the BIA properly denied Voynova's motion to reopen as untimely where she filed it over six years after her March 2002 final order of removal. *See id.;* 8 C.F.R. § 1003.2(c)(2).

The 90–day filing deadline may be equitably tolled when the motion to reopen is based on a claim of ineffective assistance of counsel. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). However, the movant must show that she exercised due diligence during the period she sought to toll. *See id.* In denying Voynova's motion, the BIA reasonably found that she failed to demonstrate that she exercised such diligence. Although Voynova argued that she received ineffective assistance of counsel, she did not assert when she discovered that her prior attorney's legal advice constituted ineffective assistance or what steps she took during the six years that followed the agency's final order of removal. Accordingly, because Voynova provided no arguments or evidence demonstrating her due diligence, the agency did not abuse its discretion in rejecting her ineffective assistance of counsel claim. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 715–16 (2d Cir.2007). To the extent that Voynova offers new arguments before this Court as to how she exercised due diligence, we will not review those unexhausted arguments in the first instance, particularly because the Government raises exhaustion as an affirmative defense. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 123–24 (2d Cir.2007).

Although Voynova argues that this Court's holding in *Mahmood v. Holder,* 570 F.3d 466 (2d Cir.2009), warrants a remand to the BIA, *Mahmood* is distinguishable from this case. Our concern in *Mahmood* was that the BIA declined to

exercise its sua sponte authority because it was under the mistaken impression that, as a matter of law, it could not. *Mahmood*, 570 F.3d at 471 (*citing Dada v. Mukasey*, —— U.S. ——, 128 S.Ct. 2307, 171 L.Ed.2d 178 (2008)). Here, to the contrary, the BIA declined to exercise its discretion to reopen Voynova's case because she "ha[d] not provided sufficient evidence," not based on any erroneous legal assumption. Thus, we are without jurisdiction to review the agency's "entirely discretionary" refusal to reopen Voynova's proceedings sua sponte. *Ali*, 448 F.3d at 518.

Finally, we lack jurisdiction to review Voynova's challenges to the BIA's March 2002 decision because she did not file a timely petition for review of that decision. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).